BRACKEN et v STEWART

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10057. Decided May 27, 1929

Francis Cook, Esq., Cleveland, for Bracken.

Hyre & Hyre, Cleveland, for Stuart.

**488**

**VICKERY, PJ.**

The question before this court is: Did the petition state a cause of action against the defendant below, defendant in error here? We think it did. We do not think it is necessary to allege insolvency,—only so far as to show that the receivers had the right to maintain the suit,—nor the financial standing of the corporation. For wh⌐n they allege that it was a corporation authorized to issue stock under the laws of Ohio. and the stock had been subscribed for by the defendant and that there was a sum remaining due and unpaid on said subscription, we think that the plaintiffs have stated a complete cause of action, and it devolves upon the defendant to show a defense by answer or other means, a reason why he should not be called upon to pay this, and that is something other than the insolvency of the corporation.

If a person subscribes for stock in a corporation, he creates an obligation which can be enforced against him either by the corporation itself or by the duly appointed and qualified receiver of the corporation. If that were not the law, it would be manifestly unjust to those persons who had lived up to their obligations and paid into the corporate funds of the company the money due for the shares for which they had subscribed. I say, it would be unjust to those who paid their subscriptions voluntarily if, after a corporation became involvent, other men who subscribed, perhaps at the same time, could, by refusing to comply with their obligation, be released entirely from responsibility. This right to recover does not depend upon the question whether it is necessary for this stock to be collected for the payment of the debts of the corporation or not. If there are no debts of the corporation, the stockholders that paid in, when the property realized from those stock subscriptions had been exhausted, which, if exhausted, would pay all the debts of the corporation, would still be entitled to have the recalcitrant stockholders forced to pay in their share, so that if there is any fund left it could be distributed amongst all the stockholders including the recalcitrant stockholders.

The receivers have the legal right, nay it is their duty under the law, to recover the unpaid subscriptions to the stock of a corporation, whether insolvent or whether it is solvent, whether it is necessary to have this money to pay the creditors of the company or whether it is not; and it is not a condition precedent that it be shown that the corporation is insolvent and that there is not enough money, without the money sought to be obtained by suits for the unpaid subscriptions, before they could recover. Hence, it would follow that it is not necessary to ⌐ake these allegations in the petition and, therefore, in our judgment, the statement of claim, or petition, states a good cause of action.

From the reasoning that we apply to this sort of case we do not think it makes a bit of difference whether the corporation is insolvent or whether it is not insolvent, whether it has money enough to pay its debts or whether it has not. Stuart entered into a contract which he has not complied with; and the receivers of the corporation can recover upon it without showing that it is necessary to collect it, in order to pay the debts of the corporation for, as already stated, it would only tend to put the stockholders upon a parity, and if there is any distribution of the assets of the corporation among the stockholders upon its final dissolution, after its debts are paid, the stockholders who subscribed and renigged would be in the same position as the stockholders who subscribed and paid up.

We think the court was clearly wrong in sustaining this demurrer and the judgment of the court will, therefore, be reversed and the case remanded to the trial court with instructions to overrule the demurrer.

Sullivan and Levine, JJ, concur.